IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | No. **3:02-CR-033-L** |
| | § | |
| **IHSAN ELASHYI (01)** | § | |
| **a/k/a Sammy Elashyi** | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Defendant's Motion for Termination and Discharge from Supervised Release and Request for Credit for Restitution Amount to Include Property that was Forfeited, filed November 6, 2009. Defendant seeks termination of his supervised release and asks the court to credit him for restitution for certain property seized from him. The government opposes his motion. After carefully considering the motion, record, and applicable law, the court **grants in part** and **denies in part** Defendant's Motion for Termination and Discharge from Supervised Release and Request for Credit for Restitution Amount to Include Property that was Forfeited.

On October 23, 2002, Defendant Ihsan Elashyi ("Defendant" or "Elashyi") was sentenced pursuant to his guilty plea in this case to 48 months custody and 36 months supervised release. He began serving this sentence on December 10, 2002. Defendant had also been indicted in criminal case number 3:02-CR-052-L (the "Infocom case"). He was convicted by a jury on July 7, 2004, and sentenced to 72 months custody and 24 months supervised release. According to Defendant, if he had not been convicted in the Infocom case, he would have been released on May 26, 2006, and would have been eligible to transfer to a halfway house on January 24, 2006. The Fifth Circuit Court of Appeals reversed Defendant's conviction in the Infocom case on December 29, 2008; its mandate

was issued on January 21, 2009, and Defendant was released on January 30, 2009.  Defendant

contends that due to the Infocom reversal he served 32 more months than necessary pursuant to his

conviction in this case.

The court first considers Defendant's request to terminate his supervised release.  Defendant

contends that the court may modify the conditions of supervised release pursuant to 18 U.S.C. §

3583(e)(1).  He states that he has been on supervised release since his release on January 30, 2009,

and that he has complied with his conditions of release.  He states that the pending indictment and

conviction in the Infocom case prevented him from being assigned to a minimum security prison or

being transferred to a halfway house.

The government opposes his request and argues that Defendant's term of supervised release

did not begin until he was released from prison.  It further argues that incarceration and supervision

serve different purposes.  It cites *United States v. Johnson*, 529 U.S. 53 (2000), in support of its

opposition.  Defendant's probation officer states that he has violated certain terms of supervised

release but that he is now complying with them.

The court has considered the parties' arguments and determines that the government is

correct that supervised release begins upon release but that pursuant to 18 U.S.C. § 3583(e)(1) it has

the discretion to modify Defendant's supervised release.  The statute provides that the court may

> terminate a term of supervised release and discharge the defendant
> released at any time after the expiration of one year of supervised
> release, pursuant to the provisions of the Federal Rules of Criminal
> Procedure relating to the modification of probation, if it is satisfied
> that such action is warranted by the conduct of the defendant release
> and the interest of justice . . . .

18 U.S.C. § 3583(e)(1).  The court may also "modify, reduce, or enlarge the conditions of supervised

release, at any time prior to the expiration or termination of the term of supervised release . . . ."  *Id*.

**Memorandum Opinion and Order – Page 2**

at § 3583(e)(2).  The Court has held that although a district court need not modify or reduce a term of supervised release for individuals such as Defendant, the statute allows that it may:

> There can be no doubt that equitable considerations of great weight exist when an individual is incarcerated beyond the prior expiration of his prison term.  The statutory structure provides a mean to address these concerns in large part.  The trial court, as it sees fit, may modify an individual's conditions of supervised release.

*Johnson*, 529 U.S. at 60.

The court determines that equity and justice warrant termination of Defendant's supervised release in this case.  In light of the government's role in vigorously pushing for the conviction that was subsequently reversed, it, out of fundamental fairness and in the interests of justice, ought to be leading the charge to end Defendant's supervised release.  This is the least it can do.  The court is disappointed that the government opposes this aspect of Defendant's motion and that it is unwilling to step up to the plate and do what is just and right.  Defendant served an additional 32 months in custody because he should never have been convicted in the Infocom case in the first place, he was not allowed to transfer to a minimum security prison or a halfway house, and he has now been on supervised release for more than a year.  Accordingly, the court hereby **terminates** Defendant's supervised release and **discharges** him from supervised release pursuant to 18 U.S.C. § 3583(e)(1).

The court next considers Defendant's request to adjust his restitution amount to credit him for the value of property seized from him that was forfeited in *United States of America v. Electronic Equipment*, Civil Action number 3:03-CV-2580-L.  The government responds that this request is untimely, that Defendant did not directly appeal any part of his sentence in this case, and that it is well settled that forfeited property cannot be used to set off restitution.

The court determines that it will not modify Defendant's restitution order.  Defendant failed to appeal the restitution order, and his request is untimely.   Although the court has authority to modify restitution in certain circumstances pursuant to 28 U.S.C. § 3013, Defendant has failed to set forth an adequate basis for modification in this case.   The court therefore **denies** his motion insofar as he seeks modification of his restitution order.

**It is so ordered** this 1st day of February, 2010.

Sam A. Lindsay
United States District Judge